No. 27,370.

THE STATE OF KANSAS, *Appellee*, v. ED FERRON, *Appellant*.

SYLLABUS BY THE COURT.

CHATTEL MORTGAGES—*Information Charging Sale of Mortgaged Personalty—Necessity of Alleging Subsisting Lien.* An information charging the unlawful sale and disposal of mortgaged personal property in violation of R. S. 58-318, which fails to allege that the mortgage constituted a valid and subsisting lien upon the property at the time of the alleged offense and where the only description of the property was "an undivided half interest in twenty acres of wheat of the value of over $20," is fatally defective.

Appeal from Brown district court; C. W. RYAN, judge. Opinion filed February 12, 1927. Reversed.

*Rex Etnyre,* of Hiawatha, and *John C. Mullen,* of Falls City, Neb., for the appellant.

*C. B. Griffith,* attorney-general, and *Caleb F. Bowron,* county attorney, for the appellee; *W. F. Means,* of Hiawatha, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: Ed Ferron was convicted under R. S. 58-318, upon a charge that he had concealed and disposed of a Ford coupe and twenty acres of wheat without the consent of the mortgagee and with intent to defraud him. Defendant appeals.

The case has the unique feature that the court submitted special questions of fact to the jury upon which findings were made. It is the first instance in this state of submitting special questions in a criminal case which has come to the attention of the writer; how-

---

Chattel Mortgages, 11 C. J. p. 643 n. 18, 29.

ever, neither party is complaining of the submission and there is no occasion to express an opinion as to the propriety of the practice. The special findings returned are as follows:

"1. What age do you find the defendant to be at the present time? A. Nineteen years.

"2. Do you find that the defendant needed said automobile at the time of its purchase by him from George Dodson? A. No.

"3. Do you find that the defendant sold said wheat with a criminal intent? A. Yes.

"4. Do you find that the defendant took said automobile to the state of Missouri with the criminal intent of concealing said automobile from George Dodson? A. No.

"5. Do you find that the defendant unlawfully concealed said automobile? A. No.

"6. Do you find that the defendant offers to return all the property that he now has, which property was covered by mortgage note of George Dodson? A. No.

"7. Do you find that the defendant has ever unlawfully and feloniously concealed, sold and disposed of said automobile or wheat? A. Unlawfully sold wheat.

"8. Do you find that George Dodson knew where said automobile was after the defendant left said automobile in Missouri? A. Not immediately after.

"9. Do you find that Ed Ferron represented himself to be twenty-one years of age at the time he executed and delivered the mortgage note to George Dodson, and do you find that George Dodson relied upon the statement made by him? A. We believe he did represent himself to be twenty-one years of age. Partially relied upon statements.

"10. Do you find that George Dodson was defrauded? A. Defrauded out of proceeds of wheat."

The charge embraced the unlawful disposition of the Ford coupe and also of some wheat of the value of more than $20, but the jury by their findings have eliminated the accusation of the unlawful sale and disposition of the automobile and hence we have only for review the proceedings and conviction relating to the mortgaged wheat. The information so far as concerns the wheat is that the accused—

"At the county of Brown in the state of Kansas, on the —— day of ——— A. D. 1925, then and there being, did then and there unlawfully and feloniously conceal, sell and dispose of, without the written consent of the mortgagee and with the intent to defraud the said mortgagee, . . . an undivided one-half interest in twenty acres of wheat, which interest in said wheat was of the value of over twenty dollars, upon which said . . . wheat, one George Dodson held a chattel mortgage for the amount of $200, which chattel mortgage was duly recorded in the office of the register of deeds of Brown county, Kansas."

State v. Ferron.

A motion to quash the information on the grounds that it did not definitely state facts sufficient to notify the defendant of the offense against which he would have to defend and did not charge facts sufficient to constitute an offense punishable under the laws of the state, was overruled. The defendant has cause to complain of the ruling. The information failed to state that defendant had made a sale of property upon which the mortgagee had a lien. The statute provides that one who sells or disposes of property of the value of $20 and under, upon which a mortgagee has a lien, shall be deemed guilty of petty larceny and one who sells or disposes of mortgaged property of the value of twenty dollars and over, on which the mortgagee has a lien, to the amount of over $20 shall be deemed guilty of grand larceny. Here the information does not allege that the defendant was the mortgagor, nor that the mortgage held by the mortgagee was a subsisting lien on the property. If the mortgage debt had been paid or had become barred and was no longer an existing lien, no offense would have been committed. While it was alleged that Dodson, a mortgagee, held a chattel mortgage on the wheat, it does not allege that he had a lien thereon, and that was an essential fact to constitute the offense. A governing rule is that if the allegations of the information may be true and the defendant still be innocent, the information is bad. (*State v. Isaacson*, 155 Minn. 377.) In the Isaacson case it was decided that:

"An indictment for selling mortgaged personal property without the consent of the mortgagee, which fails to show that an unpaid debt secured by the mortgage existed at the time of the sale, is fatally defective."

And in the opinion it was said:

"If any fact essential to constitute the offense be omitted, the indictment is fatally defective, and it cannot be aided by inference or presumption." (p. 379.)

In *State v. Hughes*, 38 Neb. 366, it was held:

"It is not sufficient in such an indictment to allege that the sale was made without the consent of the mortgagee, naming him. To constitute the offense, the sale of the property must have been made by the mortgagor during the existence of the mortgage lien, without the written consent of the owner and holder of the debt secured by the mortgage, and the indictment must so charge."

Again the information failed to definitely describe the wheat, and gave no reason why a more particular description could not be given. The only description given was "an undivided half interest in twenty acres of wheat of the value of over twenty dollars." It

furnished no information as to whether it was growing wheat or threshed wheat. If it was growing wheat it lacks the description of the land on which it was growing; if it was threshed wheat, nothing was stated as to its identity or location. It may have been growing wheat, as the information does not state the day or month of 1925 when the sale and disposition of the wheat was made. If it was done in the growing period it may well have been unripe wheat, and besides it was described in acres instead of in bushels. If it was done in midsummer, it may have been wheat in a granary, elevator or in some containers, that was sold. The defendant was entitled to have a definite description of the property in order that he might prepare his defense and that he be not subjected to another prosecution because of an indefinite description. The constitution ordains that in all prosecutions the accused is entitled to demand the nature and cause of the accusation and the criminal code provides that "the indictment or information must be direct and certain as it regards the party and the offense charged." (R. S. 62-1005.)

In *State v. Tilney,* 38 Kan. 714, 17 Pac. 606, it was held that an information charging the larceny of money described as "National bank notes, United States treasury notes, and United States silver certificates, money of the amount and value of $1,000," without any allegation of the inability of the prosecutor to give a more definite description is insufficient. It was there said: "That the rules of law and fairness to the accused, require that as definite a description as the nature of the property stolen will admit of, should be given and where the grand jury or prosecutor is unable to give a definite description, the fact should be stated." (p. 716. See, also, *Sturgis v. State,* [Okla.] 240 Pac. 750; *State v. Ellison,* 152 Tenn. 181.) A person committing the acts denounced by the statute is deemed guilty of larceny, where the punishment may be as severe as imprisonment at hard labor for five years, and the property should be as definitely described as in ordinary cases of theft. The charge should be not only definite enough to advise the defendant with reasonable certainty of the accusation he is required to meet at the trial, but also to enable him to plead the judgment rendered in bar of a subsequent prosecution for the same offense. Obviously a definite description of the property could have been given, and the information contains no averment that a better description of the property could not be given. The statutory requirement that the offense shall be charged directly and with certainty is not met by

mere inferential or argumentative averments, and we conclude that the information was fatally defective. In view of this holding it is unnecessary to consider other objections raised in the subsequent proceedings.

The judgment is reversed and the cause remanded for a new trial.

HARVEY, J., not sitting.