No. 45,900

STATE OF KANSAS, *Appellee*, v. AUSTIN LYRRELL JAMIESON, *Appellant.*

(480 P. 2d 87)

Opinion filed January 23, 1971.

*Roy Lucas*, of New York, New York, argued the cause, and *James C. Thompson* and *Anthony R. Russo*, both of Kansas City, were with him on the brief for the appellant.

*David Zook*, Assistant County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, *James W. Bouska*, County Attorney, and *Mark L. Bennett, Jr.*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a verdict and judgment convicting the defendant of the offense of procuring an abortion contrary to the provisions of K. S. A. 21-437.

Defendant's motion for a new trial was overruled and he was sentenced to confinement in the Johnson County jail for one year. He has appealed.

Although the constitutionality of the Kansas Abortion Act is challenged, we need only to consider appellant's first contention which reads:

"The trial court erred in failing to grant defendant's motion to dismiss because the information under which defendant was charged was jurisdictionally defective in that it failed to negatively aver the statutory exception—that the

act charged was not 'necessary to preserve the life of such woman'. Omission of an essential element of the offense renders appellant's conviction void for lack of jurisdiction over the subject matter."

We are inclined to agree with appellant's contention. The information, with formal parts omitted, states:

"I, Hugh H. Kreamer the undersigned, Assistant County Attorney of said County, in the name, and by the authority, and on behalf of the State of Kansas, come now here, and give the Court to understand and be informed that on or about the 15th day of June A. D., 1969, in said County of Johnson, and State of Kansas, one Austin Lyrrell Jamieson did then and there Unlawfully and willfully administer to Susan Thoms, a pregnant woman, certain substance and did use or employ certain instruments, commonly known as a catheter tube and others, the names of which are unknown, with the intent thereby to procure an abortion or miscarriage of said woman.

"Contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Kansas, as he is informed and verily believes."

The abortion act (K. S. A. 21-437) in effect at the time of the offense attempted to be charged reads:

"Every physician or other person who shall willfully administer to any pregnant woman any medicine, drug, or substance whatsoever, or shall use or employ any instrument or means whatsoever, with intent thereby to procure abortion or the miscarriage of any such woman, *unless the same shall have been necessary to preserve the life of such woman,* or shall have been advised by a physician to be necessary for that purpose, shall upon conviction be adjudged guilty of a misdemeanor, and punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment." (Emphasis supplied.)

There have been numerous rules stated in an attempt to determine when an exception in a criminal statute must be stated in the information.

One of the earlier rules relied on by appellant placing emphasis on the location of the exception in the statute, was repudiated by this court in *State v. Eary,* 121 Kan. 339, 246 Pac. 989, where it is said:

"The rule that exceptions contained in the clause of a statute creating an offense must be negatived, was adopted by this court at a very early day, from Archbold's Criminal Pleading and Evidence, and regarded form rather than substance:

" 'The law on this point is plain and is well stated in Archbold's Criminal Practice and Pleading, page 118, as follows: ' "If there be any exception contained in the same clause of the act which creates the offense, the indictment must show negatively that the defendant or the subject of the indictment does not arise within the exception. If, however, the exception or proviso be

in a subsequent clause or statute, or although in the same section, yet if it be not incorporated with the enacting clause by any words of reference, it is in that case matter of defense for the other party, and need not be negatived in the pleading." ' ( *State of Kansas v. Thompson,* 2 Kan. 432, 436 [1864].)

"We now regard substance instead of form, and unless the exception, whereever found, inheres so integrally in the offense that liability would necessarily be precluded unless the exception were expressly negatived, it is a matter of defense. . . ." (p. 343.)

The well established rule in all jurisdictions is that there must be negative averment of an exception where it constitutes an integral part of the offense defined in the statute.

In *State v. Hill,* 189 Kan. 403, 369 P. 2d 365, 91 A. L. R. 2d 750, we stated at page 410:

". . . The office of an exception in a statute is well understood. It is intended to exempt something from the scope of the general words of a statute or to qualify or restrain the generality of the substantive enactment to which it is attached. The relative position of an exception is unimportant since the act must be construed as a whole. It may, as here, appear in a section by itself, and when that is done it has precisely the same meaning that it would have if the exception were appropriately incorporated in the other section. (50 Am. Jur., Statutes, § 431, p. 451.) *We conclude that 21-956 is not merely defensive as the state contends, but constitutes an integral part of the offense defined.* As thus construed, the burden rests upon the state to allege and prove that the articles sold or exposed to sale on Sunday were of the kind and character included in the statute's prohibition and were not those excepted." (Emphasis supplied.)

The general rule may be found in 1 C. J. S., Abortion, § 21, p. 327:

"Following the rules applicable to indictments and informations generally, where there is an exception in the statute defining abortion, which exception forms a part of the description of the offense so that the ingredients thereof cannot be accurately stated if the exception is omitted, the indictment must negative the exception, otherwise the offense defined by the statute is not charged. This averment should be made in terms which are direct and certain, and it should not be set out parenthetically or in ambiguous terms."

There may sometimes be a dispute as to just when an exception constitutes as integral part of the offense. In *State v. Ferron,* 122 Kan. 845, 253 Pac. 402, this court announced in a very concise rule for determining just when an exception is an integral part of the offense charged. We stated:

". . . A governing rule is that if the allegations of the information may be true and the defendant still be innocent, the information is bad. . . ." (p. 847.)

The defendant in the present case might be found guilty of the

abortion and still be innocent under the language of the statute creating the exception.

The appellee in its brief stresses the use of the word "unlawful," stating:

". . . The Information filed herein alleges that the acts performed were performed in an 'unlawful' manner, which although failing to recite all the details, which utmost certainty might require, still fully apprised the defendant of the crime with which he was charged. . . ."

The manner of the performance of the abortion might be unlawful and still not constitute an offense under the statute if necessary to save the life of the mother. It was stated in *State v. Bridges* (Mo.), 412 S. W. 2d 455, at page 458:

". . . It does not follow, however, from the fact that the abortion was unlawful and felonious that the abortion was not necessary to save the mother's life. The necessity might exist and the act yet be unlawful and felonious by reason of the manner in which the defendant performed the act. A charge that the act was done unlawfully and feloniously does not supply the missing required allegation that the abortion was not necessary to preserve her life."

It might also be noted here that the appellee cites cases dealing with the burden of proof. We make no comment other than to say that we are now dealing with the allegations of an information.

The appellee also relies on the case of *State v. Perello*, 102 Kan. 695, 171 Pac. 630, where this court held that an exception in the intoxicating liquor law need not be stated in the information. In the *Perello* case this court went to considerable pains to state why the case was an exception to the general rule. It stated at page 697 of the opinion:

"The statute we are considering defines the offense, and in the same clause uses the language, 'except druggists or registered pharmacists as hereinafter provided.' Section 5 of the act enumerates the particular condition under which liquor may be delivered to certain persons engaged in the wholesale drug business and to registered pharmacists actually and in good faith engaged in the retail drug business, these exceptions being coupled with elaborate provisions designed to prevent evasion of the law. The language in section 1, 'except druggists or registered pharmacists as hereinafter provided,' does not set forth, nor does it purport to state, except in most general terms, the nature of the exceptions in favor of druggists and registered pharmacists. It is a mere parenthetical expression thrown in to show that in another part of the act provisions will be found which except certain classes of persons from the operation of the statute. As held in the Oklahoma case just cited [*Smythe v. State*, 2 Okla. Crim. 286.], we think the rule contended for by the appellant should never apply where the matter of such exception or proviso does not enter into and become a material part of the description of the offense. . . ."

In 1 Am. Jur. 2d, Abortion, § 18, p. 198, we find the general rule stated as follows:

"Under statutes which provide in effect for the punishment of anyone who supplies or administers a medicine, drug, or substance to a pregnant woman, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless such act is necessary to preserve her life, the authorities generally hold that the indictment must allege that production of a miscarriage was not necessary to save her life. . . ."

We are forced to conclude that the exception in K. S. A. 21-437—"unless the same shall have been necessary to preserve the life of such woman"—is an integral part of the definition of the offense of abortion, and the failure to negatively aver the exception in the information constituted a fatal defect.

It necessarily results that the conviction must be set aside and the defendant discharged from the judgment and sentence.

It is so ordered.

APPROVED BY THE COURT.