No. 50,723

STATE OF KANSAS, *Appellee,* v. GARY E. HOWELL AND GARY J. TAY-
LOR, *Appellants.*

(601 P.2d 1141)

Opinion filed October 27, 1979.

*Jack W. Shultz,* of Dodge City, argued the cause and was on the brief for the appellants.

*Daniel L. Love,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Judd Dent,* former county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is a direct appeal by defendants Gary E. Howell and Gary J. Taylor from their convictions of aggravated assault on a law enforcement officer (K.S.A. 21-3411) and aggravated robbery (K.S.A. 21-3427). Each defendant was also convicted of unlawful restraint (K.S.A. 21-3424), but said convictions are not before us on appeal.

The case involves a complex factual situation. By virtue of the narrow issues raised on appeal, only such facts as are necessary for their determination will be included herein.

The first point on appeal is whether the trial court erred in overruling the defendants' motion to quash the aggravated robbery count in the information. This count (Count Two) reads as follows:

"That on or about the 20th day of June, 1978, the said Gary E. Howell & Gary J. Taylor, within the above and within named County and State, then and there being, did then and there contrary to the statutes of the State of Kansas unlawfully feloniously and willfully take property, to-wit: a 1975 Dodge Van, red and black in color, license tag #FO8759, from the person of Gene Swarz, while the said Gary E. Howell & Gary J. Taylor were armed with a dangerous weapon, to-wit: a pistol in violation of K.S.A. 21-3427. Aggravated Robbery is a Class B felony pursuant to K.S.A. 21-4501(b)."

After the State rested its case defendants moved to quash Count Two on the ground that it alleged no crime, as the element of aggravated robbery, requiring the taking to be by force or threat of bodily harm, was absent.

The State did not request amendment of the count pursuant to K.S.A. 1978 Supp. 22-3201(4) and took the position that the count was legally sufficient. The trial court overruled the motion, holding the count to be legally sufficient in that it alleged the taking of property occurred while the defendants were armed with a dangerous weapon.

The statutes or relevant parts thereof are as follows:

K.S.A. 21-3426. Robbery.

"Robbery is the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another or by force."

K.S.A. 21-3427. Aggravated robbery.

"Aggravated robbery is a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery."

K.S.A. 1978 Supp. 22-3201. The charge.

"(2) The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient."

Defendants contend Count Two is jurisdictionally defective, as an element of the crime is wholly absent. The State contends the information was legally sufficient because:

1. K.S.A. 21-3427, by requiring the use of either a weapon or great bodily harm, relieves the State of the requirement of specifically setting forth in the information that any threats were used or force applied in the taking of property. The allegation that defendants had a deadly weapon was sufficient to convey the meaning that the taking of the property from the

person of another was accomplished by force or threat of bodily harm.

2. Count Two follows the format prescribed by the Kansas County and District Attorneys Association, *Prosecutor's Desk Manual* (rev. 1976).

In the case before us the jury was properly instructed on the elements of aggravated robbery, including the element missing from the information.

A similar question was raised in *United States v. Denmon,* 483 F.2d 1093 (8th Cir. 1973). The Eighth Circuit reversed a conviction of selling stolen property for failure to allege in the indictment that the defendant acted knowingly, unlawfully and willfully, and rejected the government's argument that proper instructions remedied the defect. The court held, 483 F.2d at 1095:

"However, the failure of the indictment to charge that the defendant acted knowingly, unlawfully, and wilfully is fatally defective to the Government's prosecution of this indictment. Morisette v. United States, 342 U.S. 246, 72 S. Ct. 240, 96 L. Ed. 288 (1952), holds that a criminal intent is an essential element of an offense under § 641. Despite this fact, the Government contends that the trial court's proper instruction requiring a finding of criminal intent has remedied the defect in the indictment. We think a defect of the type present in this case is more than a matter of mere form or technical pleading and constitutes a substantive defect in the indictment. It is elementary in American jurisprudence that an indictment must set forth the essential elements of the offense charged, and if it does not, a conviction based thereon is fatally defective."

*Denmon* is in accord with Kansas case law.

In a felony action, the indictment or information is the jurisdictional instrument upon which the accused stands trial. *State v. Minor,* 197 Kan. 296, Syl. ¶ 5, 416 P.2d 724 (1966).

A conviction based upon an information which does not sufficiently charge the offense for which the person is convicted is void. *State v. Daniels,* 223 Kan. 266, Syl. ¶ 4, 573 P.2d 607 (1977); *State v. Minor,* 197 Kan. 296.

If the facts alleged in a complaint or information do not constitute an offense in the terms and meaning of the statute upon which it is based, a complaint or information is fatally defective. *State v. Doyen,* 224 Kan. 482, 488, 580 P.2d 1351 (1978); *State v. Bishop,* 215 Kan. 481, Syl. ¶ 1, 524 P.2d 712 (1974).

A governing rule is that if the allegations of an information may be true and the defendant still is innocent of the offense defined

by the statute the information is jurisdictionally defective. *State v. Jamieson,* 206 Kan. 491, Syl. ¶ 2, 480 P.2d 87 (1971).

If the information is fatally defective the district court lacked jurisdiction to try defendants for aggravated robbery and their convictions for same are void. The evidence introduced at trial to show commission of the crime sought to have been charged and the jury instructions thereon have no bearing on this question.

The failure of the information charging defendants with taking property from the person of Gene Swarz while armed with a dangerous weapon to charge that the taking was by force or by threat of bodily harm, was fatally defective to the State's prosecution of the information. The taking could have been lawful. It is not a crime to take property while armed with a dangerous weapon. The additional element of taking by force or by threat of bodily harm is an essential element of the crime.

The defendants' convictions of aggravated robbery are reversed. Inasmuch as the statute of limitations has not run, the county attorney may, in his discretion, commence a new prosecution for this offense on proper complaint and information.

The second point on appeal is whether the trial court erred in overruling defendants' motion for dismissal or for a directed verdict on the charge of aggravated assault on a law enforcement officer.

The relevant facts are as follows: A state highway patrol trooper observed a van exceeding the speed limit on Highway 50 near Dodge City. As he was turning around to pursue the vehicle he received a radio transmission describing the stolen Swarz vehicle. He pulled close enough to the van to observe the license tags. At that point a person on the passenger's side commenced firing at him. The trooper pursued the vehicle. Ultimately, the vehicle stopped and both its occupants fired at the officer. The chase then resumed with defendants eventually stopping and surrendering.

Defendants were charged in Count One as follows:

"That on or about the 20th day of June, 1978, the said Gary E. Howell & Gary J. Taylor, within the above and within named County and State, then and there being, did then and there contrary to the statutes of the State of Kansas unlawfully feloniously, willfully and intentionally threaten to do bodily harm to a properly identified State Law Enforcement Officer, to-wit: Arlyn Salmans while said officer was engaged in the performance of his duty, with a deadly weapon, to-wit: a pistol which resulted in the immediate apprehension of bodily harm to the said person of Arlyn Salmans, in violation of K.S.A. 21-3411. Aggravated Assault on a Law Enforcement Officer is a Class C felony pursuant to K.S.A. 21-4501(c)."

The statutes involved, in relevant part, are as follows:
K.S.A. 21-3408. Assault.

"An assault is an intentional threat or attempt to do bodily harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary."

K.S.A. 21-3410. Aggravated. assault.

"Aggravated assault is:
"(a) Unlawfully assaulting or striking at another with a deadly weapon; or
"(b) Committing assault by threatening or menacing another while disguised in any manner designed to conceal identity; or
"(c) Willfully and intentionally assaulting another with intent to commit any felony."

K.S.A. 21-3411. Aggravated assault on a law enforcement officer.

"Aggravated assault of a law enforcement officer is an aggravated assault, as defined in section 21-3410, committed against a uniformed or properly identified state, county or city law enforcement officer while such officer is engaged in the performance of his duty."

The information charges the defendants "did . . . threaten to do bodily harm."

"Threat" is defined by K.S.A. 1978 Supp. 21-3110 (24) as a "communicated intent to inflict physical or other harm on any person or on property" and the jury was so instructed. Defendants contend "communicated intent" is restricted to verbal communication. Black's Law Dictionary 349 (4th ed. rev. 1968) defines "communicate" as "to bestow, convey, make known, recount, impart; to give by way of information."

Under the circumstances herein defendants could have been charged in the language of an "attempt to do bodily harm" or "striking at another with a deadly weapon." The firing at the officer, however, was a sufficient communicated intent to inflict physical harm to constitute a threat as defined by K.S.A. 1978 Supp. 21-3110 (24).

No error is shown in the convictions of aggravated assault on a law enforcement officer.

The judgment is affirmed as to defendants' convictions of aggravated assault on a law enforcement officer and reversed as to defendants' convictions of aggravated robbery.

FROMME, J., not participating.