No. 58,758

STATE OF KANSAS, *Appellee*, v. DAVID JACKSON, *Appellant*.

(721 P.2d 232)

Opinion filed June 13, 1986.

*Melissa Kelly*, appellate defender, argued the cause, and *Benjamin C. Wood*, chief appellate defender, was with her on the brief for appellant.

*Richard M. Smith*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: Defendant David Jackson appeals from his conviction by jury trial in Linn County of two counts of indecent liberties with a child, K.S.A. 1984 Supp. 21-3503, and one count of aggravated criminal sodomy, K.S.A. 1985 Supp. 21-3506. As issues on appeal, defendant contends that the trial court lacked jurisdiction to convict him of the indecent liberties counts because the information was fatally defective in not alleging every essential element of those crimes. He also contends that the court erred in allowing two social workers to testify that, in their opinions, the child victim was telling the truth and had been sexually abused by the defendant; that the court erred in allowing the State to proceed to trial on the information which charged that the offenses occurred between September 1, 1983, and August 6, 1984, primarily for the reason that one of the crimes charged was not a statutory offense during that entire period of time; and, finally, that the court erred in denying his motion for amendment of judgment and erred in allowing him to be convicted of aggravated criminal sodomy, a class B felony, which had elements identical to the offense of indecent liberties with a child, a class C felony under the then-applicable statute, as he could be convicted only of the lesser offense.

We first consider the charges contained in counts Nos. 1 and 2 of the amended information upon which the case went to trial. Count No. 1 purports to charge the offense of indecent liberties with a child, based on alleged acts of sodomy. Count No. 2 purports to charge indecent liberties with a child, based on alleged acts of lewd fondling and touching of the person of the child.

Count No. 1 purports to charge indecent liberties with a child under K.S.A. 1984 Supp. 21-3503(1)(b). That statute, which became effective July 1, 1984, only thirty-six days before the expiration of the time period alleged, defines indecent liberties with a child in part as follows:

"(1) Indecent liberties with a child is engaging in any of the following acts with a child who is not married to the offender and who is under 16 years of age:

. . . .

"(b) sodomy . . . ."

Under that statute, one of the elements of the offense is that the victim be under sixteen years of age. Count No. 1 names the victim but does not allege or charge that she was under sixteen years of age. An essential element of the offense is thus omitted from the information.

Count No. 2 of the information attempted to charge the offense of indecent liberties with a child under K.S.A. 1983 Supp. 21-3503(1)(b) or K.S.A. 1984 Supp. 21-3503(1)(c). Both statutes make it an offense to engage in the lewd fondling of the person of a child who is not married to the offender and who is under sixteen years of age, with certain specified intent. Under both statutes, two of the essential elements of the offense are (1) that the child is not married to the accused, and (2) that the child is under sixteen years of age. Neither element was alleged in count No. 2.

In *State v. Bird*, 238 Kan. 160, 166, 708 P.2d 946 (1985), we said:

"In a felony action, the indictment or information is the jurisdictional instrument upon which the accused stands trial. *State v. Howell & Taylor*, 226 Kan. 511, 601 P.2d 1141 (1979). A conviction based upon an information which does not sufficiently charge the offense for which the accused is convicted is void. Failure of an information to sufficiently state an offense is a fundamental defect which can be raised at any time, even on appeal. See K.S.A. 22-3208(3); *State v. Robinson, Lloyd & Clark,* 229 Kan. 301, 624 P.2d 964 (1981); *State v. Minor*, 197 Kan. 296, 416 P.2d 724 (1966). Sufficiency of the indictment or information is to be measured by whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to

meet, and by whether it is specific enough to make a plea of double jeopardy possible. *Russell v. United States*, 369 U.S. 749, 763-64, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962). Although the accused has the right to know the nature of the charges against him, the information need not set forth all the specific evidentiary facts relied on to sustain the charge. However, if the allegations in an information fail to constitute an offense in the language or meaning of an applicable statute, the information is fatally defective. *State v. Robinson, Lloyd & Clark*, 229 Kan. 301; *State v. Doyen*, 224 Kan. 482, 580 P.2d 1351 (1978)."

The State points out that the evidence at trial clearly showed that the victim was not married to the defendant and the victim was under sixteen years of age, and argues that this corrects any omission in the information. However, in *State v. Howell & Taylor*, 226 Kan. 511, 601 P.2d 1141 (1979), we stated our rule in Syl. ¶ 2 as follows:

"If the facts alleged in an information do not constitute an offense within the terms and meaning of the statute upon which it is based, the information is fatally defective. *The evidence introduced at trial* to show commission of the crime sought to have been charged and the jury instruction thereon have no bearing on this question." (Emphasis supplied.)

The State makes several other arguments as to why the information was not fatally defective. First, the State directs our attention to K.S.A. 1985 Supp. 22-3201, which provides that allegations made in one count may be incorporated by reference in another count, and also provides that the information "shall state for each count the official or customary citation of the statute . . . which the defendant is alleged to have violated." Counts Nos. 1 and 2 of the information did not attempt to incorporate other allegations by reference. We find no language of that nature in either count. The State argues that the statutory citations included in counts Nos. 1 and 2 should be sufficient to supply all of the elements of the offenses charged in each of the counts. We do not agree. Our cases have long held that the essential elements of a crime must be set forth in the information. Reference to the statute is not sufficient; following the State's argument, an information could simply charge that a named defendant violated a cited statute. Additionally, and though we do not consider it controlling of our decision on this issue, we note that the statutory citations of the sections violated, given in both counts Nos. 1 and 2 of the information, are incorrect. The citations given refer only to penalty sections of the statute, not to the substantive sections setting forth the crime of indecent liberties which each count attempts to charge. As Jus-

tice (now Chief Justice) Schroeder said for a unanimous court in *State v. Minor*, 197 Kan. 296, 299, 416 P.2d 724 (1966):

"In Kansas all crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute. Where an information, as here, fails to allege an essential element of manslaughter in the first degree, it cannot be cured by the court or the parties proceeding to trial as if the information did charge manslaughter in the first degree, and a judgment of conviction for manslaughter in the first degree based upon an information which does not charge such offense is void for lack of jurisdiction of the subject matter."

In that case, as in this, the information did not follow the statutory language defining the offense, but omitted an essential element of the offense. We had no hesitancy in setting aside, vacating and reversing the conviction. Here, since counts Nos. 1 and 2 of the information did not follow the statutory language and omitted essential elements of the crimes they attempted to charge, the information was jurisdictionally and fatally defective, and the conviction for those offenses must be reversed.

We turn now to the second issue, whether the trial court erred in allowing two social workers to testify before the jury that, in their opinions, the child victim was telling the truth and had been sexually abused by the defendant. We are not concerned here with the testimony before the trial court in the K.S.A. 1985 Supp. 60-460(dd) hearing, out of the presence of the jury, but with the testimony given by these witnesses later in the presence of the jury. As background to a discussion of this issue, we note that K.S.A. 1985 Supp. 60-460(dd) states an exception to the hearsay rule. It provides:

"Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except:

. . . .

"(dd) . . . In a criminal proceeding . . . a statement made by a child, to prove the crime . . . if:

"(1) The child is alleged to be a victim of the crime . . . and

"(2) the trial judge finds, after a hearing on the matter, that the child is disqualified or unavailable as a witness, the statement is apparently reliable and the child was not induced to make the statement falsely by use of threats or promises.

"If a statement is admitted pursuant to this subsection in a trial to a jury, the trial judge shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, any possible threats or

promises that might have been made to the child to obtain the statement and any other relevant factor."

We first considered that statute and discussed it at length in *State v. Myatt*, 237 Kan. 17, 697 P.2d 836 (1985). We said:

"First, the trial judge must hold a hearing to determine whether the child is disqualified or unavailable as a witness. See K.S.A. 60-417. A child is considered to be unavailable for constitutional purposes if the trial court determines that the child is incompetent to testify. *Lancaster v. People*, 200 Colo. 448, 453, 615 P.2d 720 (1980).

"If the trial judge finds the child is 'unavailable,' he must determine if the statement is 'apparently reliable' and 'the child was not induced to make the statement falsely by use of threats or promises.' See K.S.A. 60-460(dd). It is apparent to this court the legislature intended to incorporate the *Roberts* [*Ohio v. Roberts*, 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980)] standard for admissibility into this statute. Through the use of the words 'apparently reliable' it is implicit that the judge must find the evidence contains 'particularized guarantees of trustworthiness' since the new statute is not a 'firmly rooted hearsay exception.'

"The determination of reliability and trustworthiness must be made on a case-by-case basis. Such factors as the age of the child; his or her physical and mental condition; the circumstances of the alleged event; the language used by the child; the presence of corroborative physical evidence; the relationship of the accused to the child; the child's family, school, and peer relationships; any motive to falsify or distort the event; and the reliability of the testifying witness can be examined." 237 Kan. at 24-25.

The trial court held a 60-460(dd) hearing outside the presence of the jury concerning the admissibility of statements made by the six-year-old victim to two child abuse investigators. The court found that because of her age and condition, the child was unavailable as a witness and the court found that the statements made by the child were apparently reliable under the *Roberts* standards, and that the child was not induced to make the statements falsely by use of threats or promises. The court then admitted the child's statements under 60-460(dd).

The investigators, both of whom testified at the trial, were Virginia Butler, a social services supervisor for the Osawatomie area Social and Rehabilitation Services, and Diane Zuch, a chief social worker at the Rainbow mental health facility. Both witnesses had extensive specialized training and experience in the field of child abuse investigation, and the trial court permitted both of them to testify as experts in that field. In addition to testifying as to the interviews with the victim and statements made by her, the witnesses were each permitted to testify, over

objection, and before the jury, that in her opinion the victim was telling the truth, and that in her opinion the victim was sexually abused by the defendant, David Jackson. It is this opinion testimony of these experts which defendant contends constituted error. He is not complaining here about the statements made by the child which were received under 60-460(dd). Defendant does not challenge the qualifications of these witnesses nor does he challenge the court's finding that they were experts in the field.

Defendant argues simply that it was improper for the court to permit the witnesses to give to the jury the opinion testimony stated above. He cites two cases in support of his argument. The first of these is *State v. Lash*, 237 Kan. 384, 699 P.2d 49 (1985), where we said:

"[U]nder K.S.A. 60-456, the opinion testimony of experts on the ultimate issue or issues is not admissible without limitations. Such testimony is admissible only insofar as the opinion will aid the jury in the interpretation of technical facts or when it will assist the jury in understanding the material in evidence. The basis for the admission of expert testimony is necessity, arising out of the particular circumstances of the case. Where the normal experience and qualifications of lay jurors permit them to draw proper conclusions from given facts and circumstances, expert conclusions or opinions are inadmissible." 237 Kan. at 385.

The second is *State v. Bressman*, 236 Kan. 296, 689 P.2d 901 (1984). In *Bressman*, the State called as a witness the physician who had examined the alleged rape victim in the emergency room. The doctor had examined thirty to fifty persons who had complained that they had been raped. The doctor was asked on direct examination if, based on her medical education, treatment of prior rape victims, and her observation and examination of the victim, she could give an opinion as to whether the victim had been raped. Over objection by the defendant, the doctor was permitted to testify that she believed the victim had been raped. We held that the admission of this expert testimony was prejudicial error and for that reason we reversed the conviction. Quoting from *Smith v. Estate of Hall*, 215 Kan. 262, 524 P.2d 684 (1974), we said:

"An expert's opinion in a proper case is admissible up to the point where an expression of opinion would require him to pass upon the credibility of witnesses or the weight of disputed evidence." 236 Kan. at 303.

The *Bressman* case is somewhat distinguishable in that the physician in the *Bressman* case did not have psychiatric training

and we found a lack of foundation to qualify the expert to give an opinion that the victim had been raped. Also, in both *Lash* and *Bressman,* the victims testified.

The experts here testified in effect that each had special training in communication with children and that it is part of their job to determine whether or not a child is telling the truth. Each witness testified as to the methods used and the things they look for in determining the child's credibility. Nevertheless, we think it was error for the trial court to permit the witnesses to testify and tell the jury that in their opinions the child was telling the truth and in their opinions the defendant committed the acts of molestation with which he was charged.

The final paragraph of K.S.A. 1985 Supp. 60-460(dd) specifically provides that the weight and credit to be given to the statement is for the jury to determine, and the statute specifies various things which the jury shall consider. The trial court is required to instruct the jury pursuant to that statute. Additionally, in *Myatt,* we listed factors which the jury might well consider. Here, the witnesses attempted to serve as human lie detectors for the child and both told the jury that in their professional opinions the child was truthful and the defendant was guilty as charged. We are convinced that it was the function of the jury to hear the testimony of the witnesses as to what the child said, and then to make a determination of the reliability of the child's statements. K.S.A. 1985 Supp. 60-460(dd) provides a substantial exception to the hearsay rule in child molestation cases. We are not prepared to enlarge that exception, or to enlarge the scope of permissible expert testimony, in order to leave the determination of the truthfulness of the victim of a crime up to the judgment of expert witnesses. It must be determined by the jury. For the reasons stated, we conclude that the admission of this expert testimony was prejudicial and reversible error. This error requires the reversal of defendant's conviction on the remaining charge, aggravated criminal sodomy, contained in count No. 3.

Defendant complains that all three of the counts on which he was tried alleged that the crime was committed between September 1, 1983, and August 6, 1984, and he argues that he was prejudiced by not being provided with a more specific time of the offenses. As we observed in *State v. Myatt,* 237 Kan. at 28-29:

"The State need not prove the precise time a crime occurred unless it is an essential element of the offense. The time of the offense is not an essential element of indecent liberties with a child. *State v. Sisson*, 217 Kan. 475, 536 P.2d 1369 (1975); *State v. Wonser*, 217 Kan. 406, 407, 537 P.2d 197 (1975); *State v. Kilpatrick*, 2 Kan. App. 2d 349, 578 P.2d 1147 (1978); K.S.A. 21-3503. As this court noted in *Sisson*, 217 Kan. at 478:

" 'Where a prosecution is not commenced promptly after the alleged commission of an offense or the event is not otherwise brought to public notice it is not unusual for uncertainty as to dates to appear particularly when the memories of children are involved.' "

In the instant case, however, we do have one unusual circumstance: The offense of indecent liberties with a child by engaging in an act of sodomy with the child became an offense on July 1, 1984. K.S.A. 1984 Supp. 21-3503 included sodomy as an alternative element of indecent liberties with a child only after July 1, and thus that statute was applicable only for a period of thirty-seven days of the times here charged, or between July 1 and August 6, 1984. Count No. 1 of the information charged Jackson with the commission of indecent liberties by sodomy during an extensive time period (September 1, 1983, to June 30, 1984) before the statute became effective. In this state, all crimes are established by legislative act. There are no common-law crimes in Kansas, and there can be no conviction except for crimes defined by statute. *State v. Sexton*, 232 Kan. 539, 542-43, 657 P.2d 43 (1983); *State v. Minor*, 197 Kan. 296, 416 P.2d 724 (1966); *Lawton v. Hand*, 186 Kan. 385, 387, 350 P.2d 28 (1960); *State v. Gloyd*, 148 Kan. 706, 709, 84 P.2d 966 (1938); *State, ex rel., v. Basham*, 146 Kan. 181, 186, 70 P.2d 24 (1937); *State v. Koontz*, 124 Kan. 216, 218, 257 Pac. 944 (1927); *State v. Young*, 55 Kan. 349, 356, 40 Pac. 659 (1895). One cannot be convicted of a criminal offense under a statute not yet enacted and effective. This is an additional reason why defendant's conviction under count No. 1 of the information cannot stand.

Aggravated criminal sodomy, a crime defined by K.S.A. 1985 Supp. 21-3506, was an offense during the entire time period here charged. That offense has identical elements as does the offense of indecent liberties with a child by committing an act of sodomy upon the child as that offense is defined by K.S.A. 1984 Supp. 21-3503 (1)(b). Defendant argues that since the elements of the two offenses are identical, he could be convicted of only the lesser of the two offenses. This argument, however, does not take

into consideration the effective date of the latter statute. If the act of sodomy with a child occurred prior to July 1, 1984, the offense committed would be aggravated criminal sodomy; if, under the evidence, the jury were to conclude that the act occurred on or after July 1 and on or prior to August 6, 1984, the offense committed would be that of indecent liberties with a child. If the jury finds that the act occurred during the alleged time period, and if the jury is uncertain as to whether the act was committed before or after the effective date of K.S.A. 1984 Supp. 21-3503, then defendant can be convicted of the lesser offense only. These issues may be clarified in the court's jury instructions upon retrial.

The judgment is reversed and the case is remanded for a new trial.