No. 72,229

STATE OF KANSAS, *Appellant,* v. STANLEY E. CHRISTIANSEN, *Appellee.*
(904 P.2d 968)

Opinion
filed October 27, 1995.

*Ky Ann Buck,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with her on the brief for appellant.

*Michael S. Holland,* of Russell, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The defendant, Stanley E. Christiansen, was charged with the unlawful possession of wildlife. The jury found the defendant guilty, and upon motion for arrest of judgment, the trial court set aside the defendant's conviction based upon its conclusion that the complaint was jurisdictionally defective. The State appeals pursuant to K.S.A. 1994 Supp. 22-3602(b)(2). For the reasons set forth below, we conclude that the trial court erred. We, therefore, reverse and remand.

The defendant was charged with a violation of K.S.A. 32-1002(a)(2), which provides:

"(a) Unless and except as permitted by law or rules and regulations adopted by the secretary in accordance with K.S.A. 32-805 and amendments thereto, it is unlawful for any person to: . . . (2) possess, any wildlife, dead or alive, at any time or in any number, in this state."

The complaint charging the defendant alleged:

"That on or about the 3rd day of October, 1992, the above named Defendant, within the above named County in the State of Kansas, then and there being, did

then and there contrary to the statutes of the State of Kansas *unlawfully* and intentionally possess wildlife, to-wit: A FAWN DEER, in violation of K.S.A. 32-1002(a)(2), a class C misdemeanor."

On a motion for arrest of judgment, the defendant convinced the trial court that the complaint was fatally defective because it failed to include the following negative averment from the statute: The possession was not permitted by law, or rules and regulations adopted by the Secretary of Wildlife and Parks in accordance with K.S.A. 32-805, or the equivalent language that the possession was without authorization. The State argued that the crime is unlawful possession and that the term "unlawfully" in the complaint sufficiently states an offense.

The defendant challenged the sufficiency of the complaint before the trial court by filing a motion for arrest of judgment. In *State v. Hall*, 246 Kan. 728, 764, 793 P.2d 737 (1990), we determined that this was the proper procedure for a defendant who wished to challenge the sufficiency of the information after trial on a claim that the information did not charge a crime or that the court was without jurisdiction of the crime charged. Because the defendant followed the correct procedure, this court's review is conducted utilizing the rationale of the pre-*Hall* cases. See *State v. Hall*, 246 Kan. at 764.

All crimes in Kansas are statutory, and the elements necessary to constitute a crime must be gathered wholly from the statute. *State v. Jackson*, 239 Kan. 463, Syl. ¶ 4, 721 P.2d 232 (1986). An information which omits one or more of the essential elements of the crimes it attempts to charge is jurisdictionally and fatally defective, and convictions for those offenses must be reversed. *State v. Jackson*, 239 Kan. 463, Syl. ¶ 5. A citation in the complaint to the statute involved cannot substitute to supply a missing element of the charge. 239 Kan. at 466. Neither can a proper instruction at trial remedy the defect in the complaint. *State v. Howell & Taylor*, 226 Kan. 511, 513, 601 P.2d 1141 (1979).

The defendant in this case argues that the complaint omitted the essential element that the defendant was not authorized to possess the deer. The State argues that lack of authorization was

satisfied by the language in the complaint stating that the defendant *unlawfully* possessed the deer.

The defendant and the district court relied upon the case of *State v. Jamieson*, 206 Kan. 491, 480 P.2d 87 (1971), to support the position that either the statutory language "unless and except it is permitted by law of rules and regulations adopted by the secretary in accordance with K.S.A. 32-805" or the word "unauthorized" had to be included in the complaint as an essential element of the offense. In *Jamieson*, the defendant was charged with procuring an abortion contrary to the provisions of K.S.A. 21-437 (Corrick). At that time, the Kansas abortion statute, after proscribing the procurement of an abortion, included the following proviso: "unless the same shall have been necessary to preserve the life of such woman." The information charging Jamieson did not include the negative averment that the actions of the defendant were not necessary to preserve the life of the woman involved.

*Jamieson* held that the exception in K.S.A. 21-437 (Corrick), "unless the same shall have been necessary to preserve the life of such woman," was an integral part of the definition of the offense of abortion and the failure to negatively aver the exception in the information constituted a fatal defect. 206 Kan. at 495. *Jamieson* cited several earlier Kansas cases dealing with two fundamental principles regarding challenges to complaints or informations: (1) Where the statutory exception constitutes an integral part of the offense, it must be a negative averment in the complaint; see generally *State v. Hill*, 189 Kan. 403, 369 P.2d 356 (1962), 91 A.L.R.2d 750; and (2) if the allegations of the information or complaint may be true and the defendant still is innocent, the information is bad; see *State v. Ferron*, 122 Kan. 845, 847, 253 Pac. 402 (1927). 206 Kan. at 493. These two principles cited in *Jamieson* remain good law. However, the court in *Jamieson* went on to make what we believe to be a mistaken application of these principles to the facts of the case.

In *Jamieson*, the court said:

"The defendant in the present case might be found guilty of the abortion and still be innocent under the language of the statute creating the exception.

"The appellee in its brief stresses the use of the word 'unlawful,' stating:

'. . . The Information filed herein alleges that the acts performed were performed in an 'unlawful' manner, which although failing to recite all the details, which utmost certainly might require, still fully apprised the defendant of the crime with which he was charged. . . .'

"The manner of the performance of the abortion might be unlawful and still not constitute an offense under the statute if necessary to save the life of the mother. It was stated in *State v. Bridges* (Mo.), 412 S.W.2d 455, at 458:

'. . . It does not follow, however, from the fact that the abortion was unlawful and felonious that the abortion was not necessary to save the mother's life. The necessity might exist and the act yet be unlawful and felonious by reason of the manner in which the defendant performed the act. A charge that the act was done unlawfully and feloniously does not supply the missing required allegation that the abortion was not necessary to preserve her life.' " 206 Kan. at 493-94.

*Jamieson* concluded with a citation from American Jurisprudence to the effect that when filing a complaint under statutes similar to the Kansas abortion statute in effect at the time, the indictment must allege that production of a miscarriage was not necessary to save the life of the mother. 206 Kan. at 495.

The remarks made in *Jamieson* that the abortion may be unlawful and still not be a crime if performed to save the life of the mother are incorrect. If the act is alleged to be an unlawful abortion, then of necessity it is not done to save the life of the mother. Understandably, the trial court in the case before us found it difficult, if not impossible, to reconcile the present case and *Jamieson*. While we conclude that the principles announced in *Jamieson* are correct statements of the law, their application was mistaken; therefore, we now overrule *Jamieson*.

In *State v. Perello*, 102 Kan. 695, 171 Pac. 630 (1918), cited by *Jamieson*, the court held that an exception in the intoxicating liquor law need not be stated in the information. During Prohibition, the statute in question proscribed possession of intoxicating liquor except under certain circumstances for druggists or registered pharmacists. A section of the act authorized possession by certain persons engaged in the wholesale drug business and who in good faith engaged in the retail drug business, the exception being coupled with elaborate provisions designed to prevent evasion of the law. *Perello* states that the statute

"does not set forth, nor does it purport to state, except in most general terms, the nature of the exceptions in favor of druggist[s] and registered pharmacists. It is a mere parenthetical expression thrown in to show that in another part of the act provisions will be found which except certain classes of persons from the operation of the statue. As held in the Oklahoma case [*Smythe v. State*, 2 Okla. Crim. 286, 101 Pac. 611 (1909)], we think the rule contended for by the appellant should never apply where the matter of such exception or proviso does not enter into and become a material part of the description of the offense." 102 Kan. at 697.

It is clear that *Jamieson* found the particular allegation involving an abortion to save the life of the mother an integral part of the offense. In that respect, *Jamieson* correctly applied the principle that where such averment in an integral part of the offense, it must be included in the information. However, as in *Perello*, the exceptions listed in the statute we now examine are not an integral part of the offense.

The statute that we examine is similar to the statutes governing a number of drug offenses in Kansas. For example, K.S.A. 65-4127b provides that it is unlawful for a person to possess certain controlled substances "except as authorized by the uniform controlled substances act." Under this act, pharmacists, physicians, and certain other persons are legally authorized to possess certain controlled substances. In an information charging a defendant with possession under K.S.A. 65-4127b, it is not necessary to include an allegation that the possession was not authorized by law. It is sufficient if the information alleges that the possession was unlawful and felonious. If the defendant is authorized under law to possess the substance, that fact is a defense to the charge. The lack of an averment that the defendant was not authorized to possess the substance does not render the complaint defective. Instead, the "except as authorized" clause refers to other portions of the statutes which become matters of defense and need not be set forth in the complaint.

We conclude that the exceptions stated in K.S.A. 32-1002(a)(2) do not enter into and become a material part of the description of the offense. The exceptions are more in the nature of a parenthetical expression referencing other parts of the act and regulations which render possession under K.S.A. 32-1002(a)(2) lawful.

Under such circumstances, these exceptions from other portions of the statutes and regulations become matters of defense for the party so charged and need not be stated in the complaint. See *State v. Thompson*, 2 Kan. *432, Syl. ¶ 1 (1864).

The defendant argues that use of the word "unlawfully" in the complaint has been held insufficient to correct a jurisdictional defect and therefore does not save the complaint in this case. The defendant again relies upon *Jamieson*, 206 Kan. at 493, wherein we concluded that the word "unlawful" did not abrogate the general rule that if the allegations in the information may be true and the defendant may still be innocent, the information is bad. Unlike *Jamieson*, we have concluded that the exceptions in K.S.A. 32-1002(a)(2) are not an integral part of the charge. Moreover, as discussed below, the use of the word "unlawfully" in the present complaint excludes all possibilities that the defendant may still be innocent.

The defendant relies upon *State v. Hall* for the proposition that the word "unlawful" is insufficient to correct a jurisdictional defect. In *Hall*, the information alleged the defendant unlawfully, feloniously, and willfully obtained or exerted unauthorized control over property. We stated that the fact that the information alleged Hall acted "unlawfully" and exerted "unauthorized" control over the property was not sufficient to correct the jurisdictional defect, namely, omission of the word "permanently." 246 Kan. at 746.

However, *Hall* provides no support for the defendant in this case. The use of the language "unlawfully" in *Hall* could not, as the court clearly stated, be a substitute for the required language "permanently." A person may unlawfully obtain or exert unauthorized control over property without intending to permanently do so. In such a case, the person is not guilty of the crime charged, theft, but is instead guilty of criminal deprivation of property. See K.S.A. 1994 Supp. 21-3705. Therefore, under the rule announced in *Jamieson*, a person could unlawfully, feloniously, and willfully obtain or exert unauthorized control over property but still be innocent of theft. Under these circumstances, the information is defective. *Hall* has no application to cases such as the one before us, for in this case, if the defendant unlawfully possessed wildlife, he

did so without authorization, and if the defendant had authorization, he did not unlawfully possess wildlife.

A commonsense reading of the statutes involved in this case discloses that the possession of a deer is either unlawful because it is not authorized or lawful because it is authorized. If the possession is authorized, then the possession is inherently lawful. There can be no unlawful possession of a deer where the possessor is authorized to possess the deer. Likewise, the only unlawful possession of a deer occurs where the possessor is not authorized to possess the deer. Thus, a complaint alleging that the defendant *unlawfully* possessed the deer correctly states an offense.

We have held that a complaint, information, or indictment need not use the exact statutory words if the meaning is clear and the complaint reasonably charges the offense. See *State v. Vakas*, 242 Kan. 103, Syl. ¶ 3, 744 P.2d 812 (1987); *State v. Bishop*, 240 Kan. 647, 652, 732 P.2d 765 (1987). Under these circumstances, the complaint, because it alleged that the possession of wildlife was unlawful, was not jurisdictionally defective, and the district court erred in granting the defendant's motion for arrest of judgment.

Reversed and remanded.

ABBOTT, J., concurs in the result.

LOCKETT, J., concurring: I concur in the majority's determination that under the circumstances, the complaint, although it only alleged that the possession of wildlife was unlawful, was not jurisdictionally defective and that the district court erred in granting defendant's motion for an arrest of judgment. I disagree with the majority's determination that while the two principles cited in *State v. Jamieson*, 206 Kan. 491, 480 P.2d 87 (1971), remain good law, the *Jamieson* court made a mistake in application of the principles to the facts in that case. I would not overrule *Jamieson*.

In *Jamieson*, the defendant was convicted of the offense of procuring an abortion contrary to the provisions of K.S.A. 21-437 (Corrick) and was sentenced to 1 year in the county jail. The defendant appealed, claiming the trial court erred in failing to grant his motion to dismiss. He argued the information under which he was

charged was jurisdictionally defective in that it failed to allege that the statutory exception—that the act was not "necessary to preserve the life of such woman"—was not satisfied. Jamieson reasoned that the omission of a central element of the offense rendered his conviction void for lack of jurisdiction over the subject matter. The *Jamieson* court noted that the statute (21-437) in effect at the time of the offense charged read:

"Every physician or other person who shall willfully administer to any pregnant woman any medicine, drug, or substance whatsoever, or shall use or employ any instrument or means whatsoever, with intent thereby to procure abortion or the miscarriage of any such woman, *unless the same shall have been necessary to preserve the life of such woman*, or shall have been advised by a physician to be necessary for that purpose, shall upon conviction be adjudged guilty of a misdemeanor, and punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment." (Emphasis supplied.)

The *Jamieson* court noted the well-established rule in all jurisdictions that an exception which constitutes an integral part of the offense and is defined in that statute must be specifically negated in the charging information. It pointed out that the general rule at the time was found in 1 C.J.S., Abortion § 21, which stated:

"Following the rules applicable to indictments and informations generally, where there is an exception in the statute defining abortion, which exception forms a part of the description of the offense so that the ingredients thereof cannot be accurately stated if the exception is omitted, the indictment must negative the exception, otherwise the offense defined by the statute is not charged. This averment should be made in terms which are direct and certain, and it should not be set out parenthetically or in ambiguous terms."

The *Jamieson* court further noted that in 1 Am. Jur. 2d, Abortion § 18, the general rule stated:

"Under statutes which provide in effect for the punishment of anyone who supplies or administers a medicine, drug, or substance to a pregnant woman, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless such act is necessary to preserve her life, the authorities generally hold that the indictment must allege that production of a miscarriage was not necessary to save her life."

The *Jamieson* court concluded that the exception in 21-437 was an integral part in the definition of the offense of abortion and the

failure to include the exception in the information constituted a fatal defect. The *Jamieson* court held that where there is an exception in the statute defining abortion, and the exception forms an integral part of the offense defined, the information must negate the exception in order to properly charge the offense. The *Jamieson* court set aside the defendant's conviction and discharged him from the judgment and sentence.

Here, the defendant was charged with a violation of K.S.A. 32-1002(a)(2), which provides:

"(a) Unless and except as permitted by law or rules and regulations adopted by the secretary in accordance with K.S.A. 32-805 and amendments thereto, it is unlawful for any person to: . . . (2) possess, any wildlife, dead or alive, at any time or in any number, in this state."

The majority here concludes that the exceptions stated in the statute are not a material part of the description of the offense. It reasons that the exceptions are more in the nature of a parenthetical expression referring to other parts of the act and regulations which render the possession under the statute unlawful. It concludes that under such circumstances, the exceptions set out in the other statutes and regulations are affirmative defenses and need not be stated in the complaint.

In *Jamieson*, the portion of the statute omitted from the complaint was an integral part of that statute. In this case, the omitted portion was not an integral part of the statute and was not required to be included in the complaint. The rule that where there is an exception in the statute defining the crime, and the exception forms an integral part of the offense defined, the information must include the exception in order to charge the offense was correctly applied in *Jamieson*. The rule is also correctly applied in this case. Because *Jamieson* was correctly decided, I must disagree with the majority's holding which overrules *Jamieson*.

LARSON, J., concurring: I concur in the result of the majority opinion, but I do not believe that we need to overrule *State v. Jamieson*, 206 Kan. 491, 480 P.2d 87 (1971), in reaching our agreed result.

The majority and Justice Lockett's concurrence both state *Jamieson* held the particular statutory exception there was an integral part of the offense and, therefore, a negative averment of the exception was required. I agree with both opinions that the rules stated and relied on by *Jamieson* were correct statements of governing law and require this case to be reversed and remanded.

The majority and Justice Lockett's concurrence diverge as to whether *Jamieson* correctly applied those rules in concluding the abortion statute could be violated, and hence the act charged could be unlawful, even when the act was necessary to preserve the life of a woman.

I see no reason for us to reach the issue of whether a decision interpreting an abortion statute repealed 25 years ago correctly construed that now irrelevant and nonexistent statute. I would leave *Jamieson* as it is, neither overruling it nor concluding it correctly applied the rules we all agree it correctly states.