No. 57,335

STATE OF KANSAS, *Appellant,* v. JON N. LASH, *Appellee.*

(699 P.2d 49)

Opinion filed May 10, 1985.

*Philip D. Lunt,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

No appearance by the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by the State on a question reserved following the defendant's acquittal by a jury on a charge of aggravated indecent liberties with a child (K.S.A. 1983 Supp. 21-3504). The defendant was charged with sexually molesting his fifteen-year-old son. The son maintained that this had happened on 20 or more separate occasions, the most recent being on January 19, 1984.

The county attorney, as part of the pretrial investigation, had the alleged victim interviewed and tested by Dr. Les Ruthven, a Kansas Board Certified Psychologist from Wichita. Dr. Ruthven conducted a series of tests and interviews with the son. Dr. Ruthven's purpose in interviewing the son was to evaluate whether he was telling the truth about sexual molestation by his father. At the trial, Dr. Ruthven, having been qualified as an expert witness, was asked by the county attorney for his opinion based on the results of his testing and interviewing the son as to whether the son had been sexually molested by his father. The court, after an objection by defendant's counsel, would only permit Dr. Ruthven to testify as to whether he had an opinion as to whether the son had been sexually molested. The court ruled that the expert could not testify as to whether the son had been

sexually molested by his father. The case was submitted to the jury, and defendant was acquitted of the charge.

The State has taken an appeal on a question reserved pursuant to K.S.A. 22-3602(b)(3). The specific question presented to the court is this: Did the district court err in its ruling that a board certified psychologist, who qualified as an expert witness, could not testify that in his opinion the alleged victim had been sexually molested by the defendant? We hold that the trial court did not err in sustaining the objection of defense counsel and in holding that a certified psychologist, who is qualified as an expert witness and who has interviewed the alleged victim, may not testify that in his opinion the alleged victim had been sexually molested by the defendant.

The result in this case is controlled by *State v. Bressman,* 236 Kan. 296, 689 P.2d 901 (1984). In *Bressman,* the defendant was convicted of rape and aggravated sodomy. At the trial, the court permitted the State's medical expert, a physician who examined the alleged victim at Bethany Medical Center in Kansas City following the incident, to testify before the jury that in her opinion the victim had been raped. It was the position of defense counsel in *Bressman* that the trial court erred in admitting expert testimony because it was without sufficient foundation and invaded the province of the jury. The State argued that the testimony was admissible under K.S.A. 60-456. The court in *Bressman* rejected the State's argument, relying on *Lollis v. Superior Sales Co.,* 224 Kan. 251, 580 P.2d 423 (1978), where it was held that, under K.S.A. 60-456, the opinion testimony of experts on the ultimate issue or issues is not admissible without limitations. Such testimony is admissible only insofar as the opinion will aid the jury in the interpretation of technical facts or when it will assist the jury in understanding the material in evidence. The basis for the admission of expert testimony is necessity, arising out of the particular circumstances of the case. Where the normal experience and qualifications of lay jurors permit them to draw proper conclusions from given facts and circumstances, expert conclusions or opinions are inadmissible. The court also quoted *Smith v. Estate of Hall,* 215 Kan. 262, 524 P.2d 684 (1974), where it was held that an expert's opinion in a proper case is admissible up to the point where an expression of opinion would require him to pass upon the credibility of witnesses or the weight of disputed evidence. The *Bressman* court stated that when con-

sent is the defense in a prosecution for rape, qualified expert psychiatric testimony regarding the "rape trauma syndrome" is relevant and admissible, but a medical expert may not testify that, in his opinion, the complaining witness in a particular case was raped.

In the case now before us, the alleged victim was fifteen years of age and testified before the jury. The defendant, likewise, testified and denied any acts constituting indecent liberties with his son. In this case, when the prosecutor asked the psychologist to give his expert opinion as to whether the alleged victim had been sexually molested by his father, the prosecutor, in effect, was asking the expert for his opinion as to whether the son was telling the truth that his father was his molester. The question clearly was improper, since such an expression of opinion would require the expert to pass upon the credibility of witnesses or the weight of disputed evidence. Under the circumstances shown in the record in this case, we hold that the district court did not err in its ruling that the psychologist could not testify before the jury as to his expert opinion that the alleged victim had been sexually molested by the defendant, his father.

The appeal by the State is denied.