**J.C. HUNT, Petitioner,**

v.

**Mani LEE, et al., Respondents.**

No. 95–3224–DES.

United States District Court,
D. Kansas.

Sept. 29, 1998.

JC Hunt, El Dorado, KS, pro se.

Kevin C. Fletcher, United States Attny's Office, Sioux City, IA, for Respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus, 28 U.S.C. § 2254, filed by a prisoner confined in Larned Correctional Mental Health Facility in Larned, Kansas. Petitioner proceeds pro se and in forma pauperis in this matter.

An application for a writ of habeas corpus under § 2254 is to be entertained "only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

In this case, petitioner alleges he was denied the right to present a defense in his state trial. He further contends this court is not barred from considering the merits of petitioner's constitutional claim.

### Factual Background

The facts place petitioner and three of his friends in the car of Arthur Davila, a person wanting the four youths to find, confront, or beat up a specific person. The three friends testified they left the car as an argument between petitioner and Davila heated up, and then heard gun shots and saw petitioner running from the car with a gun in his hand. Other witnesses confirmed that after hearing gun shots, they observed four black men running away from the victim's car. Davila died from a gunshot wound to the head.

During a hearing held to take petitioner's guilty plea, petitioner admitted shooting Davila. He stated that he and Davila were in an argument that escalated into a fight, and that when one of petitioner's friends passed him a gun, petitioner shot Davila. The trial court later allowed petitioner to withdraw the negotiated plea.

At a pretrial hearing to consider motions in limine, petitioner moved to suppress his admission during the plea hearing. The trial judge held that petitioner's statements in entering a plea could not be used by the prosecutor in his case in chief, but could be used for impeachment if petitioner took the stand and testified that he did not shoot the victim.

Before and during trial, defense counsel approached the trial court with a letter petitioner had received while in jail. Defense counsel argued the letter presented a credible threat to intimidate petitioner and make him admit he was the one who shot Davila. Because the letter lacked a foundation and had not yet been offered for admission as evidence, the trial court did not rule on its admissibility but indicated the letter would be inadmissible hearsay.

After the State rested its case, defense counsel indicated petitioner would not testify because the trial court's refusal to suppress petitioner's plea hearing statement, and refusal to admit rehabilitative evidence of the intimidating letter made it impossible for petitioner to take the stand without being severely prejudiced.

The jury found petitioner guilty of voluntary manslaughter.[1] In his state appeal, the Kansas Court of Appeals refused to review the merits of petitioner's claim, finding petitioner had procedurally defaulted by not taking the stand at trial and renewing an objection to the State's use of his plea hearing statements to impeach petitioner's testimony. The Kansas Supreme Court denied review.

### Procedural Default

■ Where a state prisoner has defaulted, pursuant to an independent and adequate state procedural rule, in his presentation of federal claims to the state courts, federal habeas review is barred unless the prisoner

1. Unrelated to the events leading to the manslaughter charge, the jury also found petitioner guilty of aggravated assault. The present habeas corpus action does not allege constitutional error in the aggravated assault conviction.

demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates a fundamental miscarriage of justice will result if the claims are not considered. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). The question of when and how a state procedural default precludes federal habeas relief is a matter of federal law. *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988).

 In the present case, the state appellate court found petitioner, by not testifying, did not preserve for appellate review either the admissibility of his plea statements, or the admissibility of the letter as potential curative evidence.

 To preclude federal habeas review, a state procedural bar must be both adequate and independent of federal law considerations. See *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A state procedural rule is "independent" where the procedural bar was the ex-

clusive basis for the state appellate court's holding. *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir.), *petition for cert. filed* (July 31, 1998). The state rule is considered "adequate" only if the rule is a "firmly established and regularly followed state practice" and applied to all similar claims in an even-handed manner in the majority of cases. *Messer v. Roberts*, 74 F.3d 1009, 1015 (1996) (citations omitted).

 Petitioner claims Kansas has no such "firmly established and regularly followed state practice" of requiring a defendant to take the stand to preserve an objection to the admissibility of impeachment and rehabilitative evidence. Petitioner states the issue much too finely.

Kansas appellate courts routinely uphold the Kansas "contemporaneous objection rule" at K.S.A. 60–404 as requiring that "when an unfavorable ruling on an evidentiary question is received prior to trial, the party must make a timely objection to such evidence when it is introduced at trial in order to preserve the issue for appeal."[2] *State v.*

---

2. In *Messer*, the Tenth Circuit found this Kansas rule was not a firmly established and regularly followed state practice. 74 F.3d at 1016. That case, however, looked at a Kansas 1982 conviction, and examined Kansas cases decided between 1976 and 1983. Here, petitioner committed his offense in 1993. The Kansas cases since 1983 reflect that state appellate courts' consistent adherence to this rule. The court thus finds the Kansas contemporaneous objection rule, as applied in the present case, was a "firmly established and regularly followed state practice."

For cases citing and applying the contemporaneous objection rule to preclude appellate review, *see e.g., State v. Sims*, 262 Kan. 165, 936 P.2d 779 (1997) (to preserve objection to admission of prejudicial gang evidence, defense must make timely and specific objection to admission of evidence at trial, despite unfavorable pre-trial ruling on the question); *State v. Johnson*, 258 Kan. 61, 70, 899 P.2d 1050 (1995) (admission of defendant's confession not reviewable on appeal where defense failed to renew objection during trial); *State v. Alford*, 257 Kan. 830, 840, 896 P.2d 1059 (1995) (admissability of written statement not an issue on appeal where defense objected during pretrial, but failed to object during trial); *State v. McIver*, 257 Kan. 420, 433, 902 P.2d 982 (1995) (support for contemporaneous objection rule); *State v. Johnson*, 255 Kan. 252, 253–54, 874 P.2d 623 (1994) (failure to object to evidence at trial did not preserve issue denied in earlier motion in limine); *State v. Synoracki*, 253 Kan. 59, 853 P.2d 24 (1993) (trial court denied

motion in limine to suppress evidence of defendant's prior conviction, issue not preserved for appeal when defense counsel failed to object during trial); *State v. Clements*, 252 Kan. 86, 843 P.2d 679 (1992) (when motion in limine is denied, party must object to evidence at trial to preserve issue on appeal); *State v. Arrington*, 251 Kan. 747, 840 P.2d 477 (1992) (admission of evidence, even if erroneous, may not be raised on appeal unless timely objection in record); *State v. Bailey*, 251 Kan. 156, 166, 834 P.2d 342 (1992) (failure to object to prejudicial evidence of defendant's gang membership did not preserve issue for appeal, notwithstanding denial of motion in limine to suppress such evidence); *State v. Wilson*, 247 Kan. 87, 98, 795 P.2d 336 (1990) (failure to object to witness' testimony at trial precludes raising issue on appeal); *State v. Skelton*, 247 Kan. 34, 48, 795 P.2d 349 (1990) (failure to object to the introduction of physical evidence at trial precludes raising issue on appeal); *State v. Bishop*, 240 Kan. 647, 659, 732 P.2d 765 (1987) (following K.S.A. 60–404, erroneous admission of witness' testimony held not to be reversible error where defendant failed to object at trial); *Douglas v. Lombardino*, 236 Kan. 471, 693 P.2d 1138 (1985) (when a motion in limine is denied, the moving party must object to the evidence at trial to preserve the issue on appeal); *State v. Chiles*, 226 Kan. 140, 144, 595 P.2d 1130 (1979) (following K.S.A. 60–404, failure to object to photographic identification at trial precludes review on appeal).

*Carr,* 265 Kan. 608, 963 P.2d 421 (1998). *See also, State v. Bishop,* 264 Kan. 717, 719, 957 P.2d 369 (1998) (same); *State v. Peckham,* 255 Kan. 310, 326, 875 P.2d 257 (1994) (same). As applied to the present case, this rule clearly requires the witness take the stand in order to make the necessary contemporaneous objection that preserves the issue for further review.

In *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), the Supreme Court rejected the claim that a defendant may seek review of a trial court's ruling on a motion in limine where the defendant contends the admission of evidence pursuant to the pre-trial ruling prevented him from taking the stand. Recognizing the unfolding of evidence at trial may lead the trial court's sound exercise of judicial discretion to another conclusion, the Supreme Court found any possible harm resulting from the ruling on the motion in limine is "wholly speculative where the defendant does not testify." *Id.* 469 U.S. at 41, 105 S.Ct. 460. *See also, United States v. Martinez,* 76 F.3d 1145 (10th Cir.1996) (in light of actual trial testimony, trial court may alter pretrial ruling on the admission of impeachment evidence).

The court thus finds the Kansas appellate court's denial of petitioner's appeal, based upon this independent and adequate state procedural rule, constitutes petitioner's procedural default for the purpose of seeking federal habeas corpus review. This court's review of petitioner's claims is thus barred absent a showing by petitioner of "cause for the default and actual prejudice as a result of the alleged violation of federal law, or … that failure to consider the claims will result in a fundamental miscarriage of justice." *Hoxsie v. Kerby,* 108 F.3d 1239, 1243 (10th Cir.1997). The record contains no such showing in this case. The court thus finds federal habeas corpus review of petitioner's allegations of constitutional error is barred by petitioner's procedural default.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.