(995 P.2d 372)

No. 80,739

STATE OF KANSAS, *Appellee,* v. MICHAEL PAUL PEREZ, *Appellant.*

Opinion filed December 30, 1999.

*Jeannine Cox*, assistant appellate defender, *Elizabeth Seale Cateforis*, assistant appellate defender, and *Jessica R. Kunen*, appellate defender, for appellant.

*Brian R. Sherwood* and *Robert R. Johnson*, assistant county attorneys, *R. Lee McGowan*, deputy county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., STEVEN R. BECKER, District Judge, assigned, and DAVID W. KENNEDY, District Judge, assigned.

BECKER, J.: Michael Paul Perez appeals his conviction of one count of rape. On appeal, Perez argues that the trial court erred in excluding evidence of the complaining witness' sexual conduct under the rape shield statute. Perez additionally contends that the trial court abused its discretion by denying his motion to sequester witnesses at trial. We find that the trial court erred in excluding

evidence of the complaining witness' sexual activities under the rape shield statute and remand for a new trial.

On the evening and morning of November 22 and 23, 1994, C.I. attended a party where she reportedly had sex with two men, P.O. and D.P., in separate encounters. Perez witnessed C.I. having sex with the men. Upon leaving the party, C.I. rode to the country with Perez and Robert Allen. C.I. claims that while the three were in the vehicle, Perez forced her to have sexual intercourse. Perez, on the other hand, contends that the couple engaged in consensual mutual fondling but did not have sex.

C.I., a 16-year-old who had been reported to the police as a runaway, returned home on November 23 and told her mother that Perez had raped her. C.I.'s mother took her to the hospital where a rape kit was performed. During the exam, C.I. denied having consensual coitus in the past 72 hours. C.I. reportedly answered the question untruthfully because her mother was in the room.

Perez was charged with one count of rape and one count of aggravated kidnaping. During the jury trial, Perez proffered evidence of C.I.'s sexual activities during the evening in question. Specifically, the evidence Perez sought to introduce were affidavits of P.O. and D.P. stating they had sex with C.I. at the party. In addition, Perez proffered C.I.'s testimony, made outside the presence of the jury, that she had sex with the two men at the party and the circumstances of the encounters. The trial court ruled that this evidence was irrelevant and inadmissible under the rape shield statute. The jury returned a verdict of guilty on the rape charge but acquitted Perez of aggravated kidnapping.

Perez' first argument on appeal is that the trial court erred in excluding evidence of C.I.'s sexual activities with other men on the evening in question. Specifically, Perez argues that the evidence should not have been excluded under the rape shield statute because it is relevant to the issues of consent and credibility.

Decisions regarding the relevancy of evidence rests in the sound discretion of the trial court. *State v. Lavery*, 19 Kan. App. 2d 673, Syl. ¶ 2, 877 P.2d 443, *rev. denied* 253 Kan. 862 (1993). Relevant evidence is defined as "evidence having any tendency in reason to

prove any material fact." K.S.A. 60-401(b). The standard of review of a trial court's ruling excluding evidence under the rape shield statute, K.S.A. 21-3525, is whether the trial court abused its discretion. *State v. Zuniga*, 237 Kan. 788, Syl. ¶ 4, 703 P.2d 805 (1985).

In a prosecution for rape, evidence of the complaining witness' previous sexual conduct is generally not admissible. K.S.A. 21-3525(b). The rape shield statute, however, does not preclude the admission of evidence that another person may have been guilty of the alleged sexual abuse or relevant evidence that impeaches the credibility and testimony of a witness. See K.S.A. 21-3525(b); *State v. Arrington*, 251 Kan. 747, 750, 840 P.2d 477 (1992). Moreover, the rape shield statute allows evidence of an alleged rape victim's prior sexual conduct if such evidence is relevant to any fact at issue, such as identity of the rapist, consent of the victim, and whether a defendant actually had intercourse with the victim. *State v. Bressman*, 236 Kan. 296, 300, 689 P.2d 901 (1984) (citing *In re Nichols*, 2 Kan. App. 2d 431, 434, 580 P.2d 1370, *rev. denied* 225 Kan. 844 [1978]).

*Relevancy of the Proffered Evidence*

Perez argues that evidence of C.I.'s sexual activities on the evening in question is relevant because it goes to whether C.I. consented to the sexual activities in the car and whether her version of the incident is credible. The State, on the other hand, insists that evidence of C.I.'s sexual behavior at the party is not relevant to the issue of consent because Perez maintains that he did not have sexual intercourse with C.I. Perez does admit, however, that he and C.I. engaged in sexual fondling. That sexual touching may have been the basis of the rape conviction since the trial court instructed the jury that Perez could have raped C.I. with his finger. However, in contradiction to *State v. Timley*, 255 Kan. 286, Syl. ¶ 2, 875 P.2d 242 (1994), the trial court did not instruct the jury that its verdict must be unanimous as to which multiple act, penetration by finger or by penis, constituted the rape. See *State v. Barber*, 26 Kan. App. 2d 330, 331, 988 P.2d 250 (1999). As a result, Perez' contention that he did not have sex with C.I. is not inconsistent

with his argument that evidence of C.I.'s sexual conduct at the party is relevant to the issue of consent.

When addressing the relevancy of prior sexual conduct on the issue of consent, the inquiry must be whether the victim's consent to sexual activity in the past, regardless of other factual situations, makes it more probable or less probable that the victim consented to sexual activity on this occasion. See *State v. Hudlow*, 99 Wash. 2d 1, 10, 659 P.2d 514 (1983). In addition, a complaining witness' prior sexual behavior is relevant to credibility when the witness' past sexual activities are so factually similar to the defendant's version of the incident in question as to diminish his or her credibility. See 99 Wash. 2d at 10-11.

Moreover, it has been suggested that to determine whether the prior sexual conduct of a complaining witness is relevant, the following factors should be considered:

"(1) evidence of prior sexual conduct by complainant with defendant; (2) to rebut medical evidence on proof of origin of semen, venereal disease or pregnancy; (3) distinctive sexual patterns so closely resembling defendant's version of the alleged encounter as to tend to prove consent on the questioned occasion; (4) evidence of prior sexual conduct by complainant with others, known to the defendant, tending to prove he believed the complainant was consenting to his sexual advances; (5) evidence of sexual conduct tending to prove complainant's motive to fabricate the charge; (6) evidence tending to rebut proof by the prosecution regarding the complainant's past sexual conduct; and (7) evidence of sexual conduct offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the acts charged." *Hudlow*, 99 Wash. 2d at 11 (citing Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom*, 77 Colum. L. Rev. 1, 98-99 [1977]).

This court holds that in addition to the aforementioned factors, the proximity in time between the prior sexual conduct and the charged act of the defendant should also be considered when addressing whether prior sexual conduct of a complaining witness is relevant. In the instant case, the proximity factor is satisfied in that it was merely an hour or two between C.I.'s sexual intercourse with others at the party and the incident in the car with Perez. Moreover, several of the above factors are also present in this case.

Importantly, this is not a situation where a defendant is attempting to dredge up the complaining witness' entire sexual history to

embarrass or humiliate her. Nor is this a case where a defendant is proffering evidence of the complaining witness' sexual behavior months or weeks before the alleged rape. Perez is merely arguing that evidence of the isolated sexual incidents engaged in by C.I. only hours before the alleged rape is relevant to show that C.I.'s version of the events in the car is not credible. The close proximity in time between the incidents at the party and in the vehicle indicate that C.I.'s sexual behavior at the party is relevant to the issue of why she would consent to sexual foreplay with Perez while Allen was in the car.

C.I.'s sexual behavior on the evening in question followed a distinctive pattern which nearly mirrors Perez' version of the incident in the car. At the party, C.I. had sex with two men where Perez and others could observe the activities. Later, in the early morning, Perez contends that the couple attempted to have intercourse in the back seat while Allen drove the vehicle. The incidents are strikingly similar because they demonstrate C.I.'s unusual willingness to engage in intercourse while other individuals observed.

Additionally, evidence that C.I. had sex with two men at the party is also relevant to the issue of credibility because Perez proffered C.I.'s testimony that she was unsure whether D.P., a man she reportedly had sex with at the party, had physically penetrated her. Subsequently, however, C.I. testified that D.P. did penetrate her with his penis. Such an inconsistency demonstrates C.I.'s confusion as to whether a man had penetrated her during sexual activities. As a result, the excluded evidence is relevant as to the credibility of C.I.'s claim that Perez sexually penetrated her and supports Perez' contention that he did not penetrate her. Moreover, because the trial court instructed the jury on the lesser included offense of attempted rape, the excluded evidence is relevant to show that, at most, Perez was guilty of attempted rape.

Because numerous factual similarities surround C.I.'s sexual behavior at the party and Perez' version of the events occurring in the vehicle, evidence of C.I.'s sexual activities that evening is absolutely relevant to the issues of credibility and consent. In this case, it is imperative that a jury determining Perez' guilt or innocence learn the entire rendition of the evening's events in order to

deliver a sound verdict. To exclude evidence of C.I.'s sexual activities at the party would be to deny the jury access to critical facts surrounding the allegation of rape.

In a case where no physical evidence connected Perez with the alleged rape, the credibility of the complaining witness was a controlling aspect. Perez' conviction hinged on C.I.'s testimony. Evidently the jurors had trouble with part of C.I.'s testimony because they did not convict Perez on the aggravated kidnapping charge. Had the trial court not precluded evidence of C.I.'s sexual activities at the party, the jury could have more accurately assessed C.I.'s credibility. As a result, we find that the trial court erred in preventing Perez from presenting relevant evidence bearing on C.I.'s credibility and consent.

## Defendant's Right to Substantial Justice

Perez further argues that the trial court infringed upon his constitutional rights by excluding evidence relating to C.I.'s sexual activities at the party. Specifically, Perez contends that exclusion of C.I.'s prior sexual activities under the rape shield statute must yield to his constitutional right to present a defense.

"A defendant is entitled to present the theory of his defense. The exclusion of evidence, which is an integral part of the theory of defense, violates the defendant's fundamental right to a fair trial." *State v. Bradley*, 223 Kan. 710, Syl. ¶ 2, 576 P.2d 647 (1978). The *Bradley* court went on to note that "[it was] fundamental to a fair trial to allow the accused to present his version of the events so that the jury may properly weigh the evidence and reach its verdict." 223 Kan. at 714. The *Bradley* court concluded that "[t]he right to present one's theory of defense is absolute." 223 Kan. at 714.

In *State v. Humphrey*, 252 Kan. 6, Syl. ¶ 3, 845 P.2d 592 (1992), the court noted: "It is fundamental to a fair trial that the accused be afforded the opportunity to present his or her defense to the charge so the jury may properly weigh the evidence and reach its verdict." The court further recognized in *Humphrey* that:

"The Confrontation Clause of the Sixth Amendment affords an accused the right to cross-examination. The United States Supreme Court has 'recognized that

the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.' *Davis v. Alaska,* 415 U.S. 308, 316-17, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974)." 252 Kan. at 17.

In the instant case, evidence bearing on C.I.'s credibility was an integral part of Perez' defense. When the trial court stripped Perez of the right to present evidence of C.I.'s sexual activities at the party, it slammed the door on Perez' strongest defense argument: C.I. willingly participated in any sexual activities taking place in the vehicle. The trial court thwarted Perez' attempt to demonstrate why this young girl would agree to go to the country with two men and engage in sexual activities with Perez despite Allen's presence in the vehicle. It would be difficult for a jury deciding this case to make the leap that C.I. would consent to sex with Perez when Allen was present without hearing vital defense evidence that C.I. had consented to similar sex acts only hours before. As a result, the trial court prevented Perez from painting a complete and accurate picture for the jury of the events taking place that morning.

After the trial court gutted Perez' defense theory by excluding evidence of C.I.'s sexual conduct at the party, Perez was left to argue that C.I. had a strong motivation to fabricate the rape allegation and that no physical evidence connected him with a rape. Then, the trial court crippled Perez' argument that C.I. was motivated to fabricate the rape allegation by preventing him from completely explaining C.I.'s motivation to lie.

"A defendant's assertion of motive or bias should not automatically strip the complainant of the protection of rape shield legislation. If the evidence is of insufficient probative value, it should be excluded. The Supreme Court has made it clear, however, that as a general rule, 'cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand . . . is a proper and important function' of the Sixth Amendment rights to confront one's accusers and to present a defense. These rights guarantee, not merely the opportunity 'to ask [a witness] whether [s]he is biased,' but also the right 'to make a record from which to argue why [she] might have been biased' or motivated to testify falsely." Fishman, *Consent, Credibility, and the Constitution: Evidence Relating to a Sex Offense Complainant's Past Sexual Behavior,* 44 Cath. U.L. Rev. 709, 750 (1995).

Several cases from other jurisdictions have admitted evidence of the complainant's prior sexual conduct when the evidence sup-

ported the defendant's theory that such provided the complaining witness with a motive to falsify the charges. See *Lewis v. State*, 591 So. 2d 922, 925-26 (1991) (finding that exclusion of evidence that complainant fabricated rape charges to hide her sexual relationship with her boyfriend from her mother violated the defendant's constitutional right to confront his accuser and develop his defense through reasonable cross-examination); *State v. DeLawder*, 28 Md. App. 212, 226-27, 344 A.2d 446 (1975) (finding that the defendant's right to confrontation required the admission of evidence supporting the defense theory that the complainant accused him of rape because she was afraid to tell her mother that she engaged in consensual sex with other men and was pregnant); *Commonwealth v. Stockhammer*, 409 Mass. 867, 876-80, 570 N.E.2d 992 (1991) (finding that evidence of whether complainant's parents knew of her sexual activity prior to the rape was relevant to the defendant's theory that she fabricated the charges to prevent her father from learning the truth about her consensual sexual relationship).

In the instant case, it can be inferred that C.I. had a strong motivation to fabricate the rape charge. C.I. was a 16-year-old girl who had not returned home for two nights. The ultimate explanation for her absence and disheveled appearance was an allegation of rape. Although the jury heard evidence that C.I. was away from home for two nights, the trial court erred in refusing Perez the opportunity to present the whole picture as to why C.I. might be motivated to fabricate the rape allegation. The allegation prevented her mother from immediately learning of her behavior at the party and provided an explanation for the semen collected from the rape kit.

Moreover, the trial court hindered Perez' defense that no physical evidence connected him with a rape by precluding Perez from presenting evidence that would explain the presence of semen found during C.I.'s rape examination. The State's presentation of the evidence suggested that only Perez had sexual intercourse with C.I. and was the only possible donor of the semen recovered from the rape kit. The presence of semen provided credibility to C.I.'s story that Perez raped her. The trial court undercut Perez' defense that no physical evidence connected him with a rape by not letting

him explain the existence of other semen donors. Perez was allowed to present DNA evidence that indicated that if C.I. had intercourse with only one man within the 72 hours prior to the alleged rape, then Perez was excluded as a donor. However, the DNA evidence also indicated that if C.I. had intercourse with more than one man within the 72 hours preceding the alleged rape, then Perez could not be excluded as a donor. As a result, the jury was left to hypothetically consider that someone other than Perez had sex with C.I., but Perez was not allowed to tell the jury who.

In summary, the significance of the excluded evidence is apparent through a reading of the record. For example, C.I.'s testimony jumps from a description of the drinking and marijuana smoking taking place at the party to her leaving with the men and a description of the alleged rape. The jury is not provided with a full explanation as to how this young girl ended up in the country with two men. If Perez would have been permitted to present evidence as to the events leading up to the incident in question, such would have significantly aided his defense and allowed the jury to properly weigh the evidence. The exclusion violated Perez' right to a fair trial. As a result, we reverse and remand for a new trial.

*Consideration of K.S.A. 60-447*

It is important to note that we have considered the possible application of K.S.A. 60-447 to the instant case. By consistently affirming trial court decisions excluding evidence of a victim's prior sexual activities under the rape shield statute, Kansas appellate courts have succeeded in avoiding the delicate issue of whether K.S.A. 60-447 would operate to exclude such evidence as specific instances of conduct. K.S.A. 60-447 provides:

"Subject to K.S.A. 60-448 when a trait of a person's character is relevant as tending to prove conduct on a specified occasion, such trait may be proved in the same manner as provided by K.S.A. 60-446, except that (a) evidence of specific instances of conduct other than evidence of conviction of a crime which tends to prove the trait to be bad shall be inadmissible."

Accordingly, K.S.A 60-447 is the general rule barring evidence of specific instances of conduct.

Case law exceptions, however, to that general rule have been created. For example, *State v. Bradley*, 223 Kan. at 713-14, held that a criminal defendant asserting self-defense may present relevant evidence, including evidence of specific instances of conduct, regarding the deceased's motive and intent for attacking the defendant.

Another exception to the general rule barring evidence of specific instances of conduct was carved out by the Kansas Legislature when it enacted the rape shield statute. That statute, which only applies to prosecutions for specified sex crimes, provides:

"[I]n any prosecution to which this section applies, evidence of the complaining witness' previous sexual conduct with any person including the defendant shall not be admissible, and no reference shall be made thereto in the presence of the jury, except under the following conditions: . . . . *[I]f the court finds that evidence proposed to be offered by the defendant regarding the previous sexual conduct of the complaining witness is relevant and is not otherwise inadmissible as evidence, the court may make an order stating what evidence may be introduced by the defendant and the nature of the questions to be permitted.* The defendant may then offer evidence and question witnesses in accordance with the order of the court." (Emphasis added.) K.S.A. 21-3525(b).

The Kansas rape shield statute was clearly intended as a narrow exception amending the general rule prohibiting evidence of specific instances of conduct. The Kansas Legislature obviously had K.S.A. 60-447 in mind when drafting the rape shield legislation in that the rape shield statute originally appeared at K.S.A. 60-447a, immediately following K.S.A. 60-447. The sequential placement of the statutes demonstrates the legislature's awareness of the restrictions delineated in K.S.A. 60-447 and the legislative intent to carve out an exception to the general rule barring evidence of specific instances of conduct.

Furthermore, the Kansas Legislature explicitly stated in the rape shield statute that "previous sexual *conduct* of the complaining witness" may be admitted if relevant. (Emphasis added.) K.S.A. 21-3525(b). Use of the term "conduct" in the rape shield statute demonstrates the legislature's unequivocal intent to amend the general rule prohibiting evidence of specific instances of conduct. As a result, K.S.A. 60-447 does not operate to bar relevant evidence as

to C.I.'s sexual activities at the party, because the safeguards set forth in the rape shield statute are satisfied.

### Sequestration of Witnesses at Trial

Perez' second argument on appeal is that the trial court abused its discretion in denying his motion to sequester the witnesses at trial. Perez contends that the trial court's decision to not sequester the witnesses was arbitrary because the trial court did not provide reasons for its ruling.

The decision to sequester witnesses during a criminal trial is discretionary with the trial court. *State v. Ralls*, 213 Kan. 249, Syl. ¶ 6, 515 P.2d 1205 (1973). "Judicial discretion must . . . be considered as exercisable only within the bounds of reason and justice in the broader sense and be considered abused only when it plainly overpasses those bounds." *State v. Lumbrera*, 257 Kan. 144, 148, 891 P.2d 1096 (1995).

Perez contends that the trial court's refusal to sequester the witnesses, without providing any reasons to justify the decision, was arbitrary and, thus, an abuse of discretion. According to Perez, sequestration of the witnesses furthers the truth-finding process because if witnesses are separated, they cannot alter their testimony to conform with the testimony of previous witnesses. Perez contends that sequestration was particularly important in this case because the events giving rise to the charges against him occurred nearly 3 years prior to trial. Thus, to secure the integrity of the truth-finding process, Perez argues that sequestration was necessary.

The State, however, contends that the trial court did not abuse its discretion in refusing to sequester the witnesses. According to the State, Perez fails to show that the trial court acted arbitrarily, fancifully, or unreasonably. Further, the State points out that Perez does not argue that any of the witnesses changed their testimony or gave testimony which was inconsistent with their prior explanations of the events in question.

"One who asserts that the court has abused its discretion bears the burden of showing such abuse of discretion." *State v. Davis*, 256 Kan. 1, 26, 883 P.2d 735 (1994). Perez has not met this burden.

Perez does not argue that any of the witnesses changed their testimony. On appeal, Perez argues that the trial court erred because the events giving rise to the charges occurred 3 years before his trial. However, these considerations do not mean that the trial court abused its discretion in refusing to sequester the witnesses.. These concerns could have been brought to the jury's attention through cross-examination. See *State v. Alderson*, 260 Kan. 445, 463-64, 922 P.2d 435 (1996). As a result, the trial court's ruling was not arbitrary or unreasonable, and the trial court did not abuse its discretion in refusing to sequester the witnesses.

Reversed and remanded for a new trial.