NOT DESIGNATED FOR PUBLICATION

No. 123,529

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DARYL WAYNE ARMSTRONG JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; PAUL J. HICKMAN, judge. Opinion filed February 18, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Alexander C. Driskell*, assistant county attorney, *Jeffery Ebel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE, J., and RICHARD B. WALKER, S.J.

PER CURIAM: In 2014, Daryl Wayne Armstrong Jr. was convicted of four counts of aggravated indecent liberties, two counts of aggravated sodomy, plus convictions for indecent liberties and sodomy. Each count involved the same minor victim. After his convictions were affirmed on direct appeal, he filed a K.S.A. 60-1507 motion in which he claimed his trial counsel was ineffective in numerous ways. In denying the motion, the district court found that Armstrong had received a fair trial with effective assistance of counsel. On appeal, Armstrong contends that the district court erred in concluding that he was not entitled to an evidentiary hearing on his motion. Finding no error, we affirm.

1

FACTS

The parties are well acquainted with the evidence presented at trial and it is unnecessary to repeat it in this opinion. Following Armstrong's convictions, he was sentenced to consecutive life sentences for his six off-grid convictions, plus an additional 98 months for his other convictions. His convictions were subsequently affirmed by this court and the Kansas Supreme Court denied a petition for review. *State v. Armstrong*, No. 112,942, 2016 WL 3960171 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1320 (2017).

On July 27, 2018, Armstrong filed a K.S.A. 60-1507 motion and a supporting memorandum in the district court. In his motion, Armstrong alleged—among other things—23 instances that he claimed constituted ineffective assistance of trial counsel. On November 13, 2019, the district court summarily denied Armstrong's motion in a comprehensive 54-page order that addressed each of the instances in which Armstrong claimed his trial counsel was ineffective.

Thereafter, Armstrong filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in concluding that Armstrong failed to establish that he was entitled to an evidentiary hearing on his K.S.A. 60-1507 motion. In his brief, Armstrong solely focuses on his trial counsel's failure to object to certain testimony offered by the minor victim's grandfather during trial. He suggests that the grandfather's testimony constituted improper comment concerning the victim's credibility. In response, the State contends that Armstrong's trial counsel was not ineffective and that the grandfather's testimony was not inappropriate.

2

When, as here, the district court summarily dismisses a K.S.A. 60-1507 motion, our review is unlimited. In particular, we must determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). However, before addressing this issue, we must first determine whether Armstrong has waived his other claims of ineffective assistance of counsel asserted in his K.S.A. 60-1507 motion.

All issues and arguments not briefed on appeal are deemed waived or abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Here, based on our review of Armstrong's brief, we find that the only claim of ineffective assistance of counsel that he has argued relates to the failure of trial counsel to object to certain testimony presented by the minor victim's grandfather at trial. As such, we find that the other claims have been waived on appeal.

Regarding Armstrong's remaining claim, we note the following analysis set forth by the Kansas Supreme Court.

> "To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984])." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

Generally, one witness should not express an opinion regarding the credibility of another witness. Instead, it is left to the jury to decide the truthfulness of a witness. See *State v. Plaskett*, 271 Kan. 995, 1008-09, 27 P.3d 890 (2001). Armstrong argues that this rule was violated in the trial of his case. He further argues that the failure of trial counsel

to object to the grandfather's testimony was ineffective and prejudiced his right to a fair trial.

Specifically, the minor victim's grandfather testified:

"Detective Short came out and sat down and looked at me, and she says, 'I hate to say this, but, yes, she's been touched, and she's severely trying to hide it now, it's going to take a little bit, she's been stuffing it down inside of her so long it's tough to get out.' I said, 'So has it been going on very long?' and she says, 'For a very, very, long time,' and I just was, couldn't believe it."

In its very thorough order summarily denying Armstrong's K.S.A. 60-1507 motion, the district court discussed this issue at length. In doing so, the district found:

"A witness may not express an opinion on the credibility of another witness. *State v. Jackson*, 239 Kan. 463, 470, 721 P.2d 232 (1986). This is because the jury makes the determination of the truthfulness of a witness. *State v. Plaskett*, 271 Kan. 995, 1009, 27 P.3d 890 (2001). The trial court has no discretion on whether to allow a witness to express an opinion on the credibility of another witness; such evidence must be disallowed as a matter of law. *State v. Elnicki*, 279 Kan. 47, 53-54, 105 P.3d 1222 (2005).

"In *Elnicki*, there were repeated instances where the detective directly called the defendant some derivation of a liar. The Kansas Supreme Court found that the error of not redacting the videotape combined with other instances of prosecutorial misconduct resulted in cumulative error that denied the defendant a fair trial. *Elnicki*, 279 Kan. at 68.

"The *Elnicki* court reversed Elnicki's convictions due to the prosecutor's oft-repeated statements in closing argument to the effect that Elnicki's statements were a 'yarn,' 'fairy tale,' 'fabrication,' 'tall tale,' and 'spin.' *Elnicki*, 279 Kan. at 64-66. In doing so the Supreme Court observed that its decision to reverse and remand was greatly strengthened by its holding that the district court also erred in allowing the jury to hear Hazim's negative statements on the videotape. *Elnicki*, 279 Kan. at 67.

4

"In *State v. Araujo-Gutierrez*, unpublished, 2014 WL 6676127, 338 P.3d 23 (Kan. Ct. App. 2014) the officers' comments of which Araujo-Gutierrez complained were distinguished from those disallowed in *Elnicki*. Araujo-Gutierrez was confronted with the victim's allegations and asked why she would say something like that. The officer replied: 'That's my question. Why would [victim] say something like that if it wasn't true? I mean, was she mad at you? Why would she make up a story like that if it's made up? Do you know any reason why she would say something that was untrue about you?'

"As Araujo-Gutierrez continued to deny the allegations, an officer explained:

"'If it did happen though it'd be good to be truthful now, cause if that DNA stuff, I mean they can, they went, the KBI came down and took the carpet and did all their testing and put their glasses on. . . . I mean you know what we put in our report, we document everything that took place and we say here we come and the[n] you denied it and it didn't happen and the stuff comes back and it comes back being yours and then you know it just doesn't look good. When they read the reports, there's conflicting stuff. So I know it's a tough thing. A real tough thing. But if it did happen we just need to get you help. You know get you some help. I'm here to explain that you're not under arrest. But I'm just trying to help. But if you did do it, it'd be good to talk about it right now and get it done and over with. And you're gonna walk out of here just as we explained to you and we're not going to arrest you. But it looks better on your part being truthful with us, than it coming back and saying well it's [your] DNA. I mean, they're going to find it. The KBI is awesome at that kind of stuff, their testing. So it just looks better on your part to be truthful.'

"'Later the officer stated: 'It's important to tell the truth.' An officer asked Araujo-Gutierrez, 'Has she ever been a liar that you know of? Does this girl tell the truth usually? Has she been somebody that's deceitful? After Araujo-Gutierrez commented, 'This is really serious,' an officer responded: 'You're right this is really serious. But it's really serious also for an eleven-year-old little girl. Is she lying? Or are you lying? That's where I'm at now. She says it happened, you said it didn't. There's only one truth there right? And my job is to find out who's telling the truth.' *State v. Araujo-Gutierrez*, unpublished, 2014 WL 6676127, 338 P.3d 23 (Kan. Ct. App. 2014).

"The Court found 'they are not direct comments on Araujo-Gutierrez's lack of credibility, nor are they direct expressions of personal opinions about E.B.N.'s credibility. They contain none of the repeated personal invective or name calling noted by the court in *Elnicki*. Accordingly, we find that *Elnicki* does not support Araujo-Gutierrez's contention that the district court erred in refusing his request to have these comments redacted from the recording of the interrogation.' *State v. Araujo-Gutierrez*, unpublished, 2014 WL 6676127, 338 P.3d 23 (Kan. Ct. App. 2014).

"In *State v. Geist*, unpublished, 2014 WL 801854, 318 P.3d 1019 (Kan. Ct. App. 2014), Geist argued that the district court erred in allowing Detective McMillian to comment on Geist's credibility. The State introduced evidence of Geist's interview with McMillian. Both the prosecutor and defense counsel redacted the interview to prevent improper evidence and allegations from coming before the jury.

"However, the redacted interview contained three statements by McMillian, wherein he stated:  (1) 'In my mind, it's not a matter of if'; (2) 'It's not a matter of if'; and (3) 'It's not a matter of if; it's a matter of why.' On appeal, Geist argues the district court improperly admitted the video with these statements because they were McMillian's comments on Geist's credibility and were paramount to calling Geist a liar as had occurred in *Elnicki*. *State v. Geist*, 318 P.3d 1019 (Kan. Ct. App. 2014).

"The Court found 'the parties took great pains to make sure all the obvious *Elnicki* violations were redacted from McMillian's interrogation with Geist. McMillian's statements clearly were not a direct allegation that Geist was lying. Furthermore, the prosecutor did not compound the problem by improperly attacking Geist's credibility during closing argument. As a result, we conclude that McMillian did not improperly comment on Geist's credibility, and the district court did not err in allowing the jury to hear this evidence.' *State v. Geist*, unpublished, 2014 WL 801854, 318 P.3d 1019 (Kan. Ct. App 2014).

"The testimony from [the minor victim's grandfather in this case] was substantially different in character than the officer's statements on the videotape in *Elnicki*. It is an entirely different matter than directly stating a personal opinion that the suspect is lying, as the detective did in *Elnicki*. [The grandfather's] testimony that 'he

6

couldn't believe it' actually favors the defendant. Furthermore, the prosecutor did not repeat the testimony in closing argument.

"As to the second prong, Plaintiff makes the conclusory allegation that as a result of counsel's failure to object to [the grandfather's] testimony, there is a reasonable probability that is sufficient to undermine confidence in the outcome of the trial, thereby prejudicing him."

We agree with the district court's analysis of this issue. Notably, Armstrong does not address the district court's application of the holdings of *Elnicki*, *Araujo-Gutierrez*, or *Giest* to the facts of his case. Instead, Armstrong cites three out-of-state cases that are not binding on this court. Based on our review of the record, and in light of Kansas law, we do not find that the district court erred. In particular, we find that, unlike the statements made in *Elnicki*, the testimony offered by the grandfather in this case was not a direct statement regarding either the detective's credibility or that of the minor victim.

Accordingly, we conclude that Armstrong has failed to establish that trial counsel's failure to object to the grandfather's testimony was deficient under the totality of the circumstances. Moreover, even if we were to assume that trial counsel's lack of objection constituted error, we do not find a reasonable probability that the jury would have reached a different result absent the deficient performance. In this regard, the grandfather's testimony was only a small part of the evidence presented over the course of a week-long jury trial. As a result, like the district court, we conclude that the motion, files, and records of the case conclusively establish that the movant is not entitled to relief.

Affirmed.